[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MARCH 7, 1997
On February 6, 1996, the plaintiffs, JM Avalon Investments, LLC (Avalon) and William J. Gaspero, filed a seven-count complaint alleging conversion, fraud, negligence, two counts of breach of loan agreements, and two counts in unjust enrichment against the defendants, Michel and Lori Nischan. The plaintiffs allege the following facts in their complaint. On January 27, 1994, Avalon was formed with Gaspero and Lori Nischan as its members, for the purpose of operating a restaurant in Stamford, Connecticut known as "Miche Mache." Michel Nischan, the husband of Lori Nischan served as the chef and general manager of Miche Mache, and was assisted in the management by Lori Nischan. The plaintiffs also allege that the defendants converted cash and property of Miche Mache; fraudulently failed to transfer the trade name "Miche Mache" to Avalon; negligently damaged the plaintiffs' property including the company car; and refused to repay loans made by Gaspero and Avalon in the amounts of $34,000 and $24,000.
On January 15, 1997, the defendants filed an amended motion to dismiss, amending their motion to dismiss filed April 24, 1996, in which they argue that the court lacks subject matter jurisdiction on the ground that Avalon lacks standing to sue. The plaintiffs filed a memorandum in opposition to the defendants' motion to dismiss on May 30, 1996.
"A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" (Emphasis in original.) Gurliacci v. Mayer,
CT Page 2682218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624,461 A.2d 991 (1983). Practice Book § 143 provides in part that a "motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . ." "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." Tolly v. Department of Human Resources, 225 Conn. 13,29, 621 A.2d 719 (1993).
The defendants contend that the court lacks subject matter jurisdiction because Avalon was not authorized to bring suit against the defendants, and because Avalon ceased to exist by operation of law when Lori Nischan tendered her resignation on August 30, 1995.
"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action . . . [O]nce the question of lack of [standing] is raised, [it] must be disposed of no matter in what form it is presented . . . [A] court must have jurisdiction to determine its own jurisdiction once that has been put in issue." (Citation omitted; internal quotation marks omitted.) Fink v. Golenbock, 238 Conn. 183, 199, 680 A.2d 1243
(1996).
The defendants argue that Gaspero brought this action on behalf of Avalon without the consent of Lori Nischan, a fifty percent owner of Avalon. The plaintiffs maintain that they have authority to bring this action pursuant to General Statutes § 34-100 et. seq.
General Statutes § 34-186 provides that "[s]uits may be brought by or against a limited liability company in its own name." General Statutes § 34-187 (a) provides in pertinent part that "[e]xcept as otherwise provided in an operating agreement, suit on behalf of the limited liability company may be brought in the name of the limited liability company by: (1) Any member or members of a limited liability company, whether or not the articles of organization vest management of the limited liability company in one or more managers. who are authorized to sue by the vote of a majority in interest of the members . . ." CT Page 2683
The defendant, Lori Nischan, argues that she is fifty percent owner, and that she did not give her consent to bring suit in the name of Avalon. However, § 34-187 (b) provides that "[i]n determining the vote required under section 34-142 for purposes of this section, the vote of any member or manager who has an interest in the outcome of the suit that is adverse to the interest of the limited liability company shall be excluded." The plaintiff's complaint, with the exception of two counts, alleges tortious conduct and breach of a loan agreement by Lori Nischan against Avalon. Therefore, the court believes that her interests in the outcome of the suit are adverse to those of Avalon. If Nischan is excluded from voting, the only remaining member of Avalon is Gaspero. Accordingly, the court finds that Gaspero has the authority to bring an action in the name of Avalon.
The defendants also contend that Lori Nischan resigned as a member of Avalon on August 30, 1995, thereby dissolving Avalon by operation of law, leaving it without standing to sue. Nevertheless, General Statutes § 34-208 (a) provides in relevant part that "[e]xcept as otherwise provided in writing in the operation agreement, the business and affairs of the limited liability corporation may be wound up (1) by the members or managers who have authority pursuant to section 34-140 to manage the limited liability company prior to dissolution . . ." General Statutes § 34-140 (a) provides that "[s]ubject to any provisions of sections 34-100 to 34-242, inclusive, or the articles of organization, the business, property and affairs of a limited liability company shall be managed by its members.
Since Lori Nischan resigned on August 30, 1995, that left Gaspero as the only member with authority to wind up Avalon. Section 34-208 (b) provides in pertinent part that "[t]he persons winding up the business and affairs of the limited liability corporation may, in the name of, and for and on behalf of, the limited liability company: (1) Prosecute and defend suits . . ."
The court funds, based on the relevant statutes, that Avalon has standing to bring suit. Gaspero has authority to bring suit in the name of Avalon because of Lori Nischan's adverse interest in the outcome of the action, and because she resigned as a member of Avalon. "[W]here a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.) Ann Howard's Apricots Restaurant v. Commission onHuman Rights Opportunities, 237 Conn. 209, 221, 676 A.2d 844
CT Page 2684 (1996). Accordingly, the defendants' motion to dismiss is denied.
SKOLNICK, J.