418 MEADOW STREET ASSOCIATES, LLC *v.* CLEAN
AIR PARTNERS, LLC, ET AL.
(AC 30719)

DiPentima, C. J., and Alvord and Foti, Js.

Argued May 18—officially released August 24, 2010

*Andrew M. McPherson*, with whom, on the brief, was *William J. Kupinse, Jr.*, for the appellant (plaintiff).

*David R. Gronbach*, with whom, on the brief, were *Timothy C. Moynahan* and *Joseph Tramuta*, for the appellees (defendants).

*Opinion*

ALVORD, J. The plaintiff, 418 Meadow Street Associates, LLC, appeals from the judgment of the trial court rendered in favor of the defendants, Clean Air Partners, LLC, and Clean Air Group, Inc.[1] On appeal, the plaintiff argues that the court improperly found that it lacked standing to maintain this action under the plaintiff's

---

[1] Clean Air Group, Inc., is the successor in interest to Clean Air Partners, LLC, and the parties stipulated in court to adding Clean Air Group, Inc., as a defendant. Because they represent one entity, we refer to them as the defendant in this opinion.

operating agreement[2] and General Statutes § 34-187.[3] We agree with the court's finding that the plaintiff lacked standing. Because the form of the judgment is improper, we set aside the judgment of the trial court and remand the case with direction to render judgment dismissing the action.[4]

The record reveals the following facts and procedural history. Michael Weinshel, Mark Wynnick and Barbara Levine are joint owners of the plaintiff, a limited liability company. Weinshel and Wynnick collectively own 50 percent of the company, and Barbara Levine owns the remaining 50 percent. Weinshel and Wynnick filed this action on behalf of the plaintiff to enforce a lease agreement against the defendant. They were not given

[2] The operating agreement states in relevant part: "5.1.2. General Powers. . . . Notwithstanding anything to the contrary in this Agreement, the Managers shall not undertake any of the following without the approval of those Members holding a majority of the Percentages . . . 5.1.2.10. make any and all expenditures . . . including, without limitation, all legal, accounting and other related expenses incurred in connection with the organization and financing and operation of the Company . . . ."

[3] General Statutes § 34-187 provides: "(a) Except as otherwise provided in an operating agreement, suit on behalf of the limited liability company may be brought in the name of the limited liability company by: (1) Any member or members of a limited liability company, whether or not the articles of organization vest management of the limited liability company in one or more managers, who are authorized to sue by the vote of a majority in interest of the members, unless the vote of all members shall be required pursuant to subsection (b) of section 34-142; or (2) any manager or managers of a limited liability company, if the articles of organization vest management of the limited liability company in one or more managers, who are authorized to sue by the vote required pursuant to section 34-142.

"(b) In determining the vote required under section 34-142 for purposes of this section, the vote of any member or manager who has an interest in the outcome of the suit that is adverse to the interest of the limited liability company shall be excluded."

[4] The court concluded that the plaintiff lacked standing but nevertheless reached the merits of the plaintiff's claims and rendered judgment in favor of the defendant. After concluding that the plaintiff lacked standing, the court should have dismissed the action for lack of subject matter jurisdiction and proceeded no further. See *Frillici* v. *Westport*, 264 Conn. 266, 280, 823 A.2d 1172 (2003); see also Practice Book § 10-33.

permission from Levine and, in fact, she expressly disapproved of the legal action. The lease in dispute governed the defendant's occupation of office space in the plaintiff's commercial building located at 418 Meadow Street in Fairfield. Levine has never held any proprietary interest in the defendant, although Steven Levine, her husband, owns 20 percent of the defendant.

The defendant admitted that there was a verbal lease agreement between the parties and that it occupied the premises, but it denied the remaining allegations. Additionally, the defendant pleaded by way of a special defense that the plaintiff did not have standing to pursue the action because Weinshel and Wynnick failed to secure the appropriate corporate authorization. The court reserved decision on the issue of standing until the conclusion of trial and allowed the parties to submit posttrial briefs arguing the special defense.

In its posttrial brief, the defendant argued that Weinshel and Wynnick lacked authority to bring suit on behalf of the plaintiff without Barbara Levine's approval, pursuant to the plaintiff's operating agreement. The plaintiff did not dispute that the operating agreement was controlling or that a majority vote was required to bring suit pursuant to the agreement and § 34-187.[5] Instead, the plaintiff argued that § 34-187 (b) controls and claimed that Barbara Levine had an adverse interest in the outcome of the action under this exception because of another pending action in which Weinshel and Wynnick filed a multicount counterclaim alleging mismanagement by her and her husband. As a result, the plaintiff claimed that it does have standing because Barbara Levine properly was excluded from the vote.[6]

---

[5] It also is undisputed that Barbara Levine was not party to the decision to commence an action against the defendant.

[6] The plaintiff identified two Superior Court decisions in which the courts found that a member of a limited liability company had an adverse interest in the outcome of litigation when an allegation of mismanagement arose against that individual. *Block* v. *Block*, Superior Court, judicial district of Ansonia-Milford, Docket No. CV-02-0078857-S (December 10, 2002); *JM Ava-*

The defendant acknowledged the statutory exception to the requirement for a majority vote under § 34-187 (b) but argued that there was no evidence that Barbara Levine had sufficient adverse interest to warrant her exclusion from the decision to sue, as she had never had any proprietary or financial interest in the defendant.

The court determined that the plaintiff lacked standing. It concluded that (1) in light of both § 34-187 and the operating agreement, the action brought on behalf of the plaintiff was required to have been authorized by a vote of a majority in interest of the members; (2) the majority vote requirement was subject only to the exception that a voting member would be excluded if that individual had an adverse interest in the outcome of the action pursuant to § 34-187 (b); and (3) the plaintiff lacked standing for want of authority to bring the action because Barbara Levine had no such adverse interest and had not authorized the action.

On appeal, the plaintiff argues that Weinshel and Wynnick properly were authorized to bring the action on the plaintiff's behalf. As we previously indicated, neither party argued at trial or on appeal that anything less than a majority vote was required for authorization to sue. There is no dispute that Barbara Levine was not a party to the decision to bring suit. Therefore, the sole issue on appeal is whether Barbara Levine had an adverse interest in the outcome of the action and thereby met the statutory exception set out in § 34-187 (b). We agree with the court that she did not have the requisite adverse interest and, as a consequence, the plaintiff lacked standing. However, because the form

lon Investments, LLC v. Nischan, Superior Court, judicial district of Fairfield, Docket No. CV-96-0330010-S (March 7, 1997) (19 Conn. L. Rptr. 280). The court distinguished this limited case law because both court decisions cited by the plaintiff found the requisite adverse interest only where the excluded member of the company was also a party defendant to the action that the individual was excluded from voting on.

of judgment is improper, we set aside the judgment of the court and remand the case with direction to render judgment dismissing the action for lack of subject matter jurisdiction.

Standing is a question of subject matter jurisdiction that a party may raise at any stage of a proceeding. *Missionary Society of Connecticut* v. *Board of Pardons & Paroles*, 278 Conn. 197, 201, 896 A.2d 809 (2006). Although the determination that a plaintiff lacks standing is a conclusion of law that is subject to plenary review, "[w]e conduct that plenary review . . . in light of the trial court's findings of fact, which we will not overturn unless they are clearly erroneous." (Internal quotation marks omitted.) *Seymour* v. *Region One Board of Education*, 274 Conn. 92, 104, 874 A.2d 742, cert. denied, 546 U.S. 1016, 126 S. Ct. 659, 163 L. Ed. 2d 526 (2005). "A finding is clearly erroneous when either there is no evidence in the record to support it, or the reviewing court is left with the definite and firm conviction that a mistake has been made." (Internal quotation marks omitted.) *In re Jorden R.*, 120 Conn. App. 65, 70, 990 A.2d 385 (2010). The burden is on the party seeking judicial resolution to demonstrate that the court has subject matter jurisdiction to preside over the case by proving that he has standing to file the suit. See *Goodyear* v. *Discala*, 269 Conn. 507, 511, 849 A.2d 791 (2004).

The court first noted the lack of any direct relationship between Barbara Levine and the defendant. It found that individually Barbara Levine does not currently hold and never has held a proprietary interest in the defendant. The court also rejected the implication that Barbara Levine had an adverse interest in the case simply because of her husband's 20 percent ownership interest in the defendant. It found that Barbara Levine could not be assigned an adverse interest based solely

on her personal relationship to a part owner. Accordingly, the record supports the court's finding that Barbara Levine had no individual proprietary interest in the outcome of the action adverse to the plaintiff's interest and that her husband's ownership interest was not significant enough to assign her with an interest adverse to the outcome of the action based on their personal relationship alone.

The plaintiff also argues that Barbara Levine's interest is adverse because of a separate, pending action to dissolve the limited liability company in which Weinshel and Wynnick filed a counterclaim against Barbara Levine for mismanagement and breach of fiduciary duty. The court found that the counterclaim filed by Weinshel and Wynnick against Barbara Levine in the dissolution case does not substantiate their claim that she has an adverse interest in the outcome of the *present* case. Its finding is not clearly erroneous for a number of reasons. First, none of the substantive allegations from that separate dissolution case was discussed during the trial. The plaintiff briefly mentioned the dissolution case during the trial, and none of the pleadings or evidence from the other action was entered into evidence at any time. The plaintiff's limited discussion of the dissolution case in its posttrial brief included only a passing reference to the claims of mismanagement and breach of fiduciary duty, without providing the court with any substantive information explaining how those claims would cause Barbara Levine to have an adverse interest in the outcome of the *present* proceeding. It was appropriate for the court to focus on Barbara Levine's role in the case at bar, not on her role in another action, and to find that she had no apparent interest in the outcome, as she is neither the defendant in the present matter, nor a party to the lawsuit. In light of the foregoing, the record supports the court's finding that "[a]lthough [Barbara Levine] may have a claim

against Weinshel and Wynnick [in another action], her interest appears to be insufficient to disqualify her vote in the current matter."

Moreover, the language of § 34-187 (b) provides that an individual is excluded from a vote "for purposes of this section" when such individual has an interest in the outcome of "the suit . . . ." General Statutes § 34-187 (b). The statute's reference to the "purposes of this section" and "the suit" both suggest that the adverse interest must be in the outcome of the action that is being voted on pursuant to § 34-187, not in another action pending with different parties and separate issues. The statute, on its face, indicates that an individual's exclusion for an adverse interest in the outcome of the suit must pertain to the litigation in question for the vote. Therefore, it was not clearly erroneous for the court to confine its inquiry to the present case when assessing whether it should find Barbara Levine had an adverse interest in the outcome of the action.

Finally, during oral argument, the plaintiff disclosed that the multicount counterclaim filed by Weinshel and Wynnick against Barbara Levine for mismanagement in the dissolution action was filed *after* the complaint in this case was filed. The original complaint in the present case was filed on February 13, 2007, while the counterclaim was filed on November 19, 2007. At the time the vote was taken to pursue litigation, Barbara Levine was not facing claims against her by Weinshel and Wynnick, and, therefore, the court could have found that those claims, which were nonexistent at the time the present case was filed, did not create an adverse interest to the outcome of the action. Accordingly, the court's decision was not erroneous in light of the record.[7]

[7] The plaintiff cites two cases that have previously applied § 34-187. See footnote 6 of this opinion. We disagree that those cases provided the court with any guidance. They are not controlling and are factually distinguishable from the present case. In both cases, unlike the present case, the voting parties excluded the vote of a member who was *a named defendant in the*

The form of the judgment is improper, the judgment is set aside and the case is remanded with direction to render judgment dismissing the action for lack of subject matter jurisdiction.

In this opinion the other judges concurred.

*action.* See *Block* v. *Block,* Superior Court, judicial district of Ansonia-Milford, Docket No. CV-02-0078857-S (December 10, 2002); *JM Avalon Investments, LLC* v. *Nischan,* Superior Court, judicial district of Fairfield, Docket No. CV-96-0330010-S (March 7, 1997) (19 Conn. L. Rptr. 280).