CECIL YOUNG *v.* CITY OF BRIDGEPORT
(AC 33541)

Lavine, Beach and Dupont, Js.

Argued March 8—officially released May 22, 2012

*John R. Williams*, for the appellant (plaintiff).

*Betsy A. Edwards*, associate city attorney, for the appellee (defendant).

*Opinion*

DUPONT, J. The plaintiff, Cecil Young, appeals from the judgment of the trial court rendered in favor of the defendant, the city of Bridgeport. On appeal, the plaintiff claims that the court improperly rendered judgment for the defendant on the basis of its factual finding that the plaintiff was not the defendant's employee. We agree with the court's finding that the plaintiff was not the defendant's employee. We must, however, set aside the judgment for the defendant and remand the case to the trial court with direction to render judgment dismissing the plaintiff's action.[1]

The record reveals the following facts and procedural history. On August 15, 2006, the plaintiff filed a two count complaint against the defendant alleging claims of retaliatory discharge in violation of General Statutes §§ 31-51m[2] and 31-51q.[3] At all times relevant to this

[1] As discussed in greater detail subsequently in this opinion, the trial court treated the defendant's motion for a directed verdict as a motion to dismiss. The court properly determined that the plaintiff was not the defendant's employee, but improperly rendered a judgment in favor of the defendant. The court's finding that the plaintiff was not the defendant's employee deprived the plaintiff of standing to maintain his statutory causes of action. Having made a finding that deprived the plaintiff of standing, the court should have dismissed the action for lack of jurisdiction and proceeded no further. *418 Meadow Street Associates, LLC* v. *Clean Air Partners, LLC*, 123 Conn. App. 416, 418 n.4, 1 A.3d 1194, cert. granted on other grounds, 298 Conn. 932, 5 A.3d 490 (2010), citing *Frillici* v. *Westport*, 264 Conn. 266, 280, 823 A.2d 1172 (2003); see also Practice Book § 10-33.

[2] General Statutes § 31-51m provides in relevant part: "(b) No employer shall discharge, discipline or otherwise penalize any employee because the employee . . . reports, verbally or in writing, a violation or a suspected violation of any state or federal law or regulation or any municipal ordinance or regulation to a public body . . . ."

[3] General Statutes § 31-51q provides in relevant part: "Any employer . . . who subjects any employee to discipline or discharge on account of the exercise by such employee of rights guaranteed by the first amendment to the United States Constitution or section 3, 4 or 14 of article first of the Constitution of the state, provided such activity does not substantially or materially interfere with the employee's bona fide job performance or the working relationship between the employee and the employer, shall be liable to such employee for damages caused by such discipline or discharge . . . ."

action, the plaintiff was an elected city sheriff for the defendant. Although he previously had been employed by the defendant, at various times and in various positions, the plaintiff's claims in the present action solely concern his position as city sheriff.

City sheriff is a municipal office created by the charter of the city of Bridgeport (charter). At each municipal election, six sheriffs are elected to hold their respective offices for a term of two years. The charter confers upon each sheriff the authority to serve summons and process within Bridgeport. Individuals elected to the office of city sheriff do not have any affirmative duties or responsibilities. City sheriffs have no scheduled work hours, nor any designated office space in a city building. A city sheriff may, if he or she so chooses, serve process on behalf of the city, private entities or private individuals.

The plaintiff held the office of city sheriff for approximately eighteen years. For the first eleven years in this office, the plaintiff did not serve process on behalf of the defendant. In 2000, the plaintiff met with an attorney employed by the defendant and reached an informal verbal agreement whereby the plaintiff would serve process on behalf of the defendant. The plaintiff was paid a flat rate for each summons or process served. The plaintiff continued to serve process for private attorneys and other individuals in addition to the defendant. Beginning in April, 2006, the plaintiff was no longer given process to serve on behalf of the defendant.

Count one of the plaintiff's complaint alleges that the defendant "wrongfully terminated all employment duties given to the [p]laintiff" due to the plaintiff's reporting of "suspected violations of state laws and regulations and municipal ordinances" and "the unethical practices, mismanagement or abuse of authority by the [d]efendant," in violation of § 31-51m. Count two

alleges that the defendant's "termination of [the plaintiff's] employment duties . . . was in retaliation for, or on account of" his having exercised rights guaranteed him by article first, §§ 4 and 14, of the constitution of Connecticut,[4] in violation of § 31-51q.

A trial to the court was held on May 25, 2011. The plaintiff presented his case-in-chief, which consisted of testimony by the plaintiff and the plaintiff's wife, Patricia Young. The plaintiff testified that he made numerous complaints about the defendant to public bodies, including the state labor board, the state freedom of information commission and the Bridgeport city ethics commission. The plaintiff's complaints alleged suspected violations of state and local laws and regulations including, inter alia, political corruption and public health violations. The plaintiff testified that Russell Liskov, an attorney employed by the defendant, asked him to abandon his claims against the defendant and that, after he refused to abandon his claims, the plaintiff stopped receiving process to serve on behalf of the defendant.

After the plaintiff rested and before the defendant had presented its own evidence, the defendant made an oral motion for a directed verdict. The defendant argued that the plaintiff could not prevail on his statutory claims because his evidence did not establish that he was the defendant's employee as required by §§ 31-51m and 31-51q. Noting that the applicable statutes do not provide a framework for determining whether an individual qualifies as an "employee," the court considered the plaintiff's evidence using the common-law right

---

[4] The constitution of Connecticut, article first, § 4, provides: "Every citizen may freely speak, write and publish his sentiments on all subjects, being responsible for the abuse of that liberty."

The constitution of Connecticut, article first, § 14, provides: "The citizens have a right, in a peaceable manner, to assemble for their common good, and to apply to those invested with the powers of government, for redress of grievances, or other proper purposes, by petition, address or remonstrance."

to control test. See, e.g., *Rodriguez* v. *E.D. Construction, Inc.*, 126 Conn. App. 717, 727–29, 12 A.3d 603, cert. denied, 301 Conn. 904, 17 A.3d 1046 (2011). The court found that the plaintiff was not an employee of the defendant, but was an independent contractor, and so concluded that the plaintiff was not "entitled to the benefit and the protections of the statutes," §§ 31-51m and 31-51q.[5] The court granted the defendant's motion for a directed verdict and thereafter rendered judgment in favor of the defendant. The plaintiff has appealed. Additional facts will be set forth as necessary.

---

[5] The court stated: "The plain meaning of the statute is not clear, so you would have to go to extratextual sources, in this case, case law. I really think where you end up is on the independent contractor type of law, to be honest with you. . . . So, [the plaintiff], I'm going to be honest with you, I mean it's . . . a difficult claim for you because the statutes that are at issue here, the discharge statutes, [§§] 31-51m and 31-51q, are—the persons who are entitled to the benefit and the protections of the statutes are employees and they're protected against retaliatory or, in essence, unlawful discharge by employers. And I believe that no matter what you say, you—there's nothing you can do, I don't think, to change the fact that you're a publicly elected state marshal who gets work from the city, not as an employee of the city, which you have been before . . . but as an independent contractor, paid on a piecemeal basis [for] your work, and you would receive the work from the city like other independent contractors [that] are hired by the city in various respects. I just don't think that at trial—I think the evidence is pretty clear, and I think you answered honestly, which you had to, that—that there's no right of control by the city over your work. [The defendant's attorney] did ask you a series of questions, and I think the answers establish that the city had no real right to control the means, manner and method of your . . . work. And I don't think there's anything you can do to change that. So I do believe that a motion for a directed verdict is in order, and I'm going to grant it. That's all you can do."

The reference by the court to "the statute" refers to § 31-51m (a) (3), which defines "employee" as "any person engaged in service to an employer in a business of his employer." We agree with the court's conclusion that it was unable to rely on the language of the statute in determining whether the plaintiff was the defendant's employee. We note that the legislature, in granting the causes of action to employees as delineated in §§ 31-51m and 31-51q, could have included public officials in its definition of the word "employee" but did not. Instead, it used a general, broad definition of the word, leaving unanswered the question of whether the plaintiff fit within that definition and thereby indicating that his status as an elected public

It is axiomatic that the function performed by the trial court in issuing its ruling will dictate the scope of our review. *State* v. *Saucier*, 283 Conn. 207, 219, 926 A.2d 633 (2007). In the present case, the court's granting of the defendant's "motion for a directed verdict" created a veritable procedural abyss. As a preliminary matter, therefore, we find it necessary to clarify the nature of the defendant's motion.

The present case was tried to the court. There was no jury.[6] Under such circumstances, the defendant's motion for a directed verdict was procedurally improper. *Discover Leasing, Inc.* v. *Murphy*, 33 Conn. App. 303, 306, 635 A.2d 843 (1993) ("[w]here there is no jury, directed verdicts are not required or available"); see also Practice Book § 16-37. We note, however, that "a motion is to be decided on the basis of the substance of the relief sought rather than on the form or the label affixed to the motion. . . . It is the substance of a motion, therefore, that governs its outcome, rather than how it is characterized in the title given to it by the movant." (Citations omitted.) *State* v. *Taylor*, 91 Conn. App. 788, 791–92, 882 A.2d 682, cert. denied, 276 Conn. 928, 889 A.2d 819 (2005). Considering the substance of the defendant's motion, it is apparent that the court ruled on the question of whether the plaintiff lacked standing to maintain his statutory claims.[7]

official did not automatically or necessarily make him an employee of the defendant.

[6] The case originally was claimed for a jury of six. The plaintiff later withdrew the jury claim.

[7] We note that this type of challenge is raised, properly, in the form of a motion to dismiss. *Wilcox* v. *Webster Ins., Inc.*, 294 Conn. 206, 213, 982 A.2d 1053 (2009) ("The issue of standing implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss. Practice Book § 10-31 [a]."); see also Practice Book § 10-33 ("[a]ny claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the judicial authority shall dismiss the action"). Alternately, had the defendant challenged the plaintiff's ability to establish a prima facie case of the alleged statutory violations, such a challenge would

"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he . . . has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . . When standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request an adjudication of the issue . . . . Standing is established by showing that the party claiming it is authorized by statute to bring suit or is classically aggrieved." (Internal quotation marks omitted.) *Electrical Contractors, Inc.* v. *Dept. of Education*, 303 Conn. 402, 411, 35 A.3d 188 (2012). "Statutory aggrievement exists by legislative fiat, not by judicial analysis of the particular facts of the case. . . . [I]n cases of statutory aggrievement, particular legislation grants standing to those who claim injury to an interest protected by that legislation." (Internal quotation marks omitted.) *Albuquerque* v. *State Employees Retirement Commission*, 124 Conn. App. 866, 873, 10 A.3d 38 (2010), cert. denied, 299 Conn. 924, 11 A.3d 150 (2011).

Sections 31-51m and 31-51q establish causes of action for retaliatory or wrongful discharge, granting standing to employees who seek redress from employers for conduct enumerated in those sections. Given that an employer-employee relationship is required to establish standing under §§ 31-51m and 31-51q; see General Statutes §§ 31-51m (b); 31-51m (a) (2) and (3); 31-51q; a court's finding that a plaintiff was not a defendant's employee, if correct, would deprive that plaintiff of standing to maintain those statutory causes of action.

In the present case, the defendant argued that the plaintiff could not maintain his statutory causes of

properly have been raised in the form of a motion for a judgment of dismissal pursuant to Practice Book § 15-8.

action because his evidence failed to establish that he was the defendant's employee. The court concluded that the plaintiff was not "entitled to the benefit and the protections of the statutes" because he was not the defendant's employee. We conclude, therefore, that the court treated the defendant's "motion for a directed verdict" as a motion to dismiss the plaintiff's action for lack of jurisdiction due to lack of standing, and we treat it as such in our review of the plaintiff's claim on appeal.

The plaintiff claims that the court erred in finding that he was not the defendant's employee.[8] We disagree.

"The determination of the status of an individual as an independent contractor or an employee is often difficult . . . and, in the absence of controlling circumstances, is a question of fact." (Internal quotation marks omitted.) *Rodriguez* v. *E.D. Construction, Inc.*, supra, 126 Conn. App. 727. "Although the determination that a plaintiff lacks standing is a conclusion of law that is subject to plenary review, [w]e conduct that plenary review . . . in light of the trial court's findings of fact, which we will not overturn unless they are clearly erroneous." (Internal quotation marks omitted.) *418 Meadow Street Associates, LLC* v. *Clean Air Partners, LLC*, 123 Conn. App. 416, 421, 1 A.3d 1194, cert. granted on other grounds, 298 Conn. 932, 5 A.3d 490 (2010).

"A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . In applying the clearly erroneous standard to the

---

[8] The plaintiff claims further that the court erred in "placing the burden of proof on the plaintiff" to establish that he was the defendant's employee. This claim is without merit. "[T]he plaintiff bears the burden of proving subject matter jurisdiction, whenever and however raised." (Internal quotation marks omitted.) *Fort Trumbull Conservancy, LLC* v. *New London*, 265 Conn. 423, 430 n.12, 829 A.2d 801 (2003).

findings of a trial court, we keep constantly in mind that our function is not to decide factual issues de novo. Our authority, when reviewing the findings of a judge, is circumscribed by the deference we must give to decisions of the trier of fact, who is usually in a superior position to appraise and weigh the evidence. . . . The question for this court . . . is not whether it would have made the findings the trial court did, but whether in view of the evidence and pleadings in the whole record it is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Rodriguez* v. *E.D. Construction, Inc.,* supra, 126 Conn. App. 727–28.

"The legal incidents of the employer-employee relationship, on the one hand, and the employer-independent contractor relationship, on the other, are well established. . . . [An] independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods and without being subject to the control of his employer, except as to the result of his work. . . . The fundamental distinction between an employee and an independent contractor depends upon the existence or nonexistence of the right to control the means and methods of work. . . . It is not the fact of actual interference with the control, but the right to interfere, that makes the difference between an independent contractor and a servant or agent." (Citations omitted; internal quotation marks omitted.) *Nationwide Mutual Ins. Co.* v. *Allen,* 83 Conn. App. 526, 534, 850 A.2d 1047, cert. denied, 271 Conn. 907, 859 A.2d 562 (2004).

The plaintiff in the present case was an elected official, one of six sheriffs authorized by the charter to serve summons and process within Bridgeport. We note that, during his term of office, the plaintiff was a person to whom process shall be directed as contemplated by General Statutes § 52-50. The proper method of service

for civil process and the duties of persons to whom process shall be directed are outlined in chapter 896 of the General Statutes, §§ 52-45a through 52-72. These sections prescribe the manner and means by which service of civil process is to be accomplished and so dictate the actions that any city sheriff must take to properly serve process. The defendant could not, therefore, dictate or control the method or means of proper service.

The plaintiff testified that no mandatory duties or responsibilities are associated with the office of city sheriff. The plaintiff was not required to serve process for the defendant or for any other individual or entity. Nor did the plaintiff serve process exclusively on behalf of the defendant. During the first eleven years of his office, the plaintiff did not serve any process for the defendant. The plaintiff served process for other individuals while he was engaged by the defendant to serve process and after that engagement had ceased. The defendant did not attempt to remove the plaintiff from his position as city sheriff. The plaintiff remained authorized to serve process on behalf of other entities and individuals after he stopped receiving process to serve on behalf of the defendant.[9]

The plaintiff testified that, when he was engaged to serve process on behalf of the defendant, he would pick up the summons or process from the city attorney's office and then would be responsible for accomplishing service of that process. The plaintiff had no supervisor. He had no set hours of work. He had no office. The plaintiff did not participate in a pension plan, belong to a union or receive civil service protection. The plaintiff did not receive a stipend, salary or benefits from

_____

[9] The charter granted the plaintiff authority to serve process within the defendant during his two year term of office, on behalf of any individual or entity.

the defendant. The plaintiff was paid by the defendant on a piecemeal basis, a set amount for each summons or process served on behalf of the defendant.

In light of the foregoing, we conclude that the evidence presented was sufficient to support the court's finding that the plaintiff was an independent contractor and, thus, not an employee of the defendant. The court's factual finding is not clearly erroneous. It does, however, deprive the plaintiff of standing to maintain causes of action under §§ 31-51m and 31-51q. We conclude, therefore, that the court should not have rendered judgment for the defendant, but should have dismissed the plaintiff's action for lack of jurisdiction due to lack of standing. See Practice Book § 10-33; *Frillici* v. *Westport*, 264 Conn. 266, 280, 823 A.2d 1172 (2003).

The form of the judgment is improper, the judgment is set aside and the case is remanded with direction to dismiss the action.

In this opinion the other judges concurred.