RAJIV SETHI *v.* BRUHAN YAGILDERE
(AC 32868)

Robinson, Sheldon and Schaller, Js.

---

Argued January 3—officially released July 17, 2012

*Laurence V. Parnoff,* for the appellant (plaintiff).

*Stephen P. Wright,* for the appellee (defendant).

*Opinion*

SCHALLER, J. The plaintiff, Rajiv Sethi, appeals from the summary judgment rendered by the trial court in favor of the defendant, Bruhan Yagildere. On appeal, the plaintiff claims that the court improperly determined that he lacked standing to allege unjust enrichment and a violation of the Connecticut Unfair Trade Practice Act (CUTPA).[1] We conclude that, although the trial court correctly determined that the plaintiff lacked standing, it was incorrect to render summary judgment

---

[1] See General Statutes § 42-110a et seq.

in the absence of subject matter jurisdiction.[2] Accordingly, we reverse the judgment of the trial court and remand the case with direction to render a judgment of dismissal.

The plaintiff commenced the present action against the defendant on December 28, 2009. The operative complaint, filed by the plaintiff on May 26, 2010, alleges the following facts. The defendant owns and operates a business known as the "Bereket Deli" located at 4031 Main Street in Bridgeport. In April, 2004, the defendant orally agreed to sell the business.[3] Shortly thereafter, the plaintiff's father "gave [the defendant] the sum of $70,000 as a deposit" and "took over the operation of the business . . . ." In September, 2004, the defendant "wrongfully evicted" the plaintiff's father and sold a one-half interest in the business to another party. The defendant subsequently refused to return the deposit. The complaint also alleges that, in a previous action brought by the plaintiff's father, the court found that the deposit was " 'paid by his son to the [d]efendant' " and that the plaintiff was the son referred to in that decision.[4] The complaint contains no allegation that the plaintiff entered into a contract with the defendant or

---

[2] The plaintiff also argues on appeal that the trial court incorrectly concluded that the three year statute of limitations applicable to CUTPA claims; see General Statutes § 42-110g (f); barred the second count of his complaint. Because we conclude that the plaintiff lacks standing to bring this action, we need not address this claim of error.

[3] The complaint does not identify the other party to this alleged agreement.

[4] The plaintiff's father, Balram Sethi, filed a separate action in the trial court, seeking, inter alia, a return of the deposit under a theory of unjust enrichment. See *Sethi* v. *Yaglidere*, Superior Court, judicial district of Fairfield, Docket No. CV-04-4003034-S (August 24, 2009). On August 24, 2009, the court, *Arnold J.*, stated that the plaintiff "paid the defendant the sum of [$70,000] toward the purchase price for the business, utilizing [his own] funds." On the basis of this conclusion, the court found that Balram Sethi did not have standing to allege that the defendant wrongfully retained the deposit. Id. This judgment was subsequently affirmed by this court. See *Sethi* v. *Yagildere*, 125 Conn. App. 902, 10 A.3d 52 (2010), cert. denied, 299 Conn. 929, 12 A.3d 570 (2011).

paid any money in connection with the sale of the defendant's business. Count one of the complaint alleges unjust enrichment. Count two alleges a violation of CUTPA.

On July 1, 2010, the defendant filed a motion for summary judgment arguing, inter alia, that the plaintiff lacked standing to bring the action. The court granted this motion on October 14, 2010.[5] This appeal followed.

We begin our analysis by setting forth our standard of review and the relevant legal principles. "If a party is found to lack standing, the court is without subject matter jurisdiction to determine the cause. . . . A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Burton* v. *Commissioner of Environmental Protection*, 291 Conn. 789, 802, 970 A.2d 640 (2009).[6]

"Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . . The objection of want of jurisdiction may be made at any time . . . [a]nd the court or tribunal may act on its own motion, and should

[5] In response to a motion filed by the plaintiff, the court subsequently issued a written memorandum of decision regarding the defendant's motion for summary judgment on March 10, 2011.

[6] We note that, although the use of a motion for summary judgment may be a proper vehicle to raise issues of subject matter jurisdiction in some cases; see *Manifold* v. *Ragaglia*, 94 Conn. App. 103, 121 n.11, 891 A.2d 106 (2006); generally, "[t]he proper procedural vehicle for disputing a party's standing is a motion to dismiss." *Cadle Co.* v. *D'Addario*, 268 Conn. 441, 445 n.5, 844 A.2d 836 (2004). We see no reason to deviate from the general practice in the present case. Consequently, we treat the defendant's motion for summary judgment as a motion to dismiss. See id.

do so when the lack of jurisdiction is called to its attention. . . . The requirement of subject matter jurisdiction cannot be waived by any party and can be raised at any stage in the proceedings." (Internal quotation marks omitted.) Id.

"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless [one] has, in an individual or representative capacity, some real interest in the cause of action . . . . Standing is established by showing that the party claiming it is authorized by statute to bring suit or is classically aggrieved. . . . The fundamental test for determining [classical] aggrievement encompasses a well-settled twofold determination: first, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all the members of the community as a whole. Second, the party claiming aggrievement must successfully establish that the specific personal and legal interest has been specially and injuriously affected by the [challenged action]. . . . Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected." (Internal quotation marks omitted.) *Gold* v. *Rowland*, 296 Conn. 186, 207, 994 A.2d 106 (2010). The plaintiff has the burden of demonstrating that he is the proper party to invoke the court's jurisdiction. *Seymour* v. *Region One Board of Education*, 274 Conn. 92, 104, 874 A.2d 742, cert. denied, 546 U.S. 1016, 126 S. Ct. 659, 163 L. Ed. 2d 526 (2005).

In the present case, the plaintiff proceeds under a theory that the deposit was paid by his father. Indeed, the complaint contains an explicit allegation that the plaintiff's father, Balram Sethi, "gave [the defendant] the sum of $70,000 as a deposit for the business [and]

took over the operation of the business . . . ." This allegation constitutes a judicial admission that the plaintiff's father, and not the plaintiff, paid the deposit. See *Dreier* v. *Upjohn Co.*, 196 Conn. 242, 248, 492 A.2d 164 (1985) ("[f]actual allegations contained in pleadings upon which the cause is tried are considered judicial admissions and hence irrefutable as long as they remain in the case"). Moreover, in an affidavit filed in opposition to the defendant's motion for summary judgment, the plaintiff stated that "I never had any contract with the [d]efendant and never paid anything to the [d]efendant."[7] Under such circumstances, the trial court was correct to conclude that the plaintiff did not have standing to allege a wrongful retention of the deposit.

The factual findings relating to the payment of the deposit made in connection with the plaintiff's father's case do not alter this conclusion. While litigation of a factual question might, under some circumstances, be binding in a subsequent case; see, e.g., *Aetna Casualty & Surety Co.* v. *Jones*, 220 Conn. 285, 296–97, 596 A.2d 414 (1991) (collateral estoppel); the prior court's conclusion that the plaintiff paid the deposit is wholly inconsistent with the allegations made by the plaintiff in his complaint and the assertions contained within his affidavit. Although the plaintiff could have pursued his claims under a theory that he paid the deposit, a factual allegation which would have been entirely consistent with the resolution of his father's case, it is abundantly clear that he is not doing so in the present case.[8]

---

[7] When addressing issues of subject matter jurisdiction, factual assertions contained within affidavits may be considered to the extent they represent undisputed statements of fact. See *May* v. *Coffey*, 291 Conn. 106, 108–109, 967 A.2d 495 (2009); *LaSalle Bank, National Assn.* v. *Bialobrzeski*, 123 Conn. App. 781, 789–90, 3 A.3d 176 (2010); see also Practice Book § 10-31.

[8] We also note that the second count of the complaint contains an allegation that the plaintiff was "financially damaged" by the acts of the defendant. The presence of this allegation does not, in light of the specific allegation that the deposit was paid by the plaintiff's father, alter our conclusion on the issue of standing.

The absence of standing deprives the court of subject matter jurisdiction. See *Burton* v. *Commissioner of Environmental Protection*, supra, 291 Conn. 802. Consequently, the award of summary judgment in favor of the defendant was, as a matter of form, improper. See *418 Meadow Street Associates, LLC* v. *Clean Air Partners, LLC*, 123 Conn. App. 416, 417–18, 1 A.3d 1194, cert. granted on other grounds, 298 Conn. 932, 5 A.3d 490 (2010) (reversing judgment in favor of defendant and remanding case with direction to dismiss after concluding that plaintiff lacked standing); *Terese B.* v. *Commissioner of Children & Families*, 68 Conn. App. 223, 228, 789 A.2d 1114 (2002) ("[a]ggrievement is essentially a question of standing; without it, a court must dismiss an action for want of jurisdiction" [internal quotation marks omitted]).

The form of judgment is improper, the judgment is reversed and the case is remanded with direction to render judgment dismissing the case for lack of subject matter jurisdiction.

In this opinion the other judges concurred.